## Case No. 1,933.

### BROOKE v. PEYTON.

[1 Cranch, C. C. 96.] [1]

Circuit Court, District of Columbia. Nov. Term, 1802.

EVIDENCE—PROOF OF HANDWRITING.

Comparison of handwriting is evidence to prove the publication of a libel.

[See note at end of case.]

At law. Case, for a libel.

Mr. Jones, for defendant, prayed the court to instruct the jury that evidence by comparison of hands, is not sufficient to prove the publication.

The court unanimously refused to give the instruction.

Bill of exceptions taken. Verdict for the plaintiff $525 damages. But the defendant did not prosecute a writ of error.

[NOTE. For denial of defendant's motion for a new trial, see Case No. 1,934. The general rule of the common law does not allow the comparison of handwriting by courts and juries. Turner v. Foxall, Case No. 14,255; Strother v. Lucas, 6 Pet. (31 U. S.) 763; Martin v. Taylor, Case No. 9,166; Macubbin v. Lovell, Id. 8,928. Comparison is inadmissible to prove a crime (U. S. v. Craig, Id. 14,883; U. S. v. Prout, Id. 16,094; U. S. v. Jones, 10 Fed. 469), notwithstanding that by the state statute such comparison is allowable (U. S. v. Jones, supra). But see U. S. v. Larned, Case No. 15,565; U. S. v. Wright, Id. 16,773; U. S. v. Chamberlain, Id. 14,778. There is an exception to this rule, however, and the comparison may be restricted to establish writing already in evidence, and not introduced for the mere purpose of comparison. Medway's Case, 6 Ct. Cl. 421, and case cited; Moore v. U. S., 91 U. S. 270; U. S. v. Chamberlain, supra.]

## Case No. 1,934.

### BROOKE v. PEYTON.

[1 Cranch, C. C. 128.] [1]

Circuit Court, District of Columbia. June Term, 1803.

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

A new trial will not be granted on affidavit that the plaintiff has since discovered testimony to discredit a witness who was examined at the trial, if that witness be not the only witness to the point on which he testified.

[See note at end of case.]

[At law. Action on the case for libel. There was a verdict and judgment for plaintiff (Case No. 1,933), and defendant moves for a new trial. Denied.]

Motion for new trial on the ground, that since the trial [Case No. 1,933] the defendant had discovered evidence, before unknown to him, tending to discredit Violet, the principal witness against the defendant.

New trial refused. The only doubt was whether the discovery of evidence tending to discredit a witness who testified to circumstances only tending to prove the making and publishing the libel, was sufficient

ground for a new trial; the witness not being the only witness to that point.

MARSHALL, Circuit Judge, absent.

[NOTE. A ca. sa. issued on the judgment, and, on its return non est, an alias capias issued under Rev. Code Va. § 309, a motion was made for execution of a forthcoming bond. The clerk added the costs of the alias to the judgment, and defendant appealed to the supreme court upon a bill of exception to the opinion of the circuit court upon the motion sustaining the clerk's action, and the determination of the circuit court was sustained. Peyton v. Brooke, 3 Cranch (7 U. S.) 92.]

## Case No. 1,935.

### BROOKE v. POTOWMACK CO.

[1 Cranch, C. C. 526.] [1]

Circuit Court, District of Columbia. Dec. Term, 1808.

GUARDIAN AND WARD—POWERS OF GUARDIAN.

A guardian appointed in Prince George's county, in Maryland, is competent to give a valid receipt for the purchase-money of land in Montgomery county.

At law. Assumpsit on an award. Upon a case stated, the question was, whether Brooke was entitled to interest before he came of age, it being alleged that there was no person competent to receive the money, the plaintiff having been a minor on the 20th of July, 1799, when the award was made. Beale was appointed guardian of Brooke in Prince George's county, where the administration of the personal estate was granted, but the land condemned for the use of the Potowmack Company and submitted to the award of arbitrators, was in Montgomery county.

F. S. Key, for defendant, contended that Beale had no authority to receive the purchase-money, because he was not appointed guardian in Montgomery county.

Judgment for the plaintiff. THE COURT being of opinion that a guardian appointed in Prince George's county, was competent to receive the purchase-money in Montgomery county.